IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TAMARA P. SMITH                                                                                    PLAINTIFF

vs.                                       Civil No. 1:01-cv-1039

MICHAEL J. ASTRUE[1]                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

**BEFORE** the Court is Defendant's Motion to Dismiss. (Doc. No. 19).[2] The Plaintiff has not responded to this Motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). The Court, having reviewed the motion, finds Defendant's Motion To Dismiss should be **GRANTED**.

**Background:**

Plaintiff filed her Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the of the final decision of Defendant, the Commissioner of Social Security (Commissioner), denying her claim for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. (Act). (Doc. No. 1). Before filing his answer, the Commissioner filed a Motion to Remand pursuant to sentence six, 42 U.S.C. § 405(g), because the audiotape of Plaintiff's administrative hearing could not be found. (Doc. No. 15). On March 25, 2002, the Court granted Plaintiff's Motion to Remand to allow the Commissioner to continue searching for the missing

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

-1-

administrative hearing audiotape or to conduct a hearing de novo if the Commissioner was unable to locate the missing audiotape. (Doc. No. 16).

On March 13, 2003, the Commissioner found Plaintiff disabled after conducting a *de novo* review of Plaintiff's case. (Doc. No. 19, Pg. 2).

**Discussion:**

Defendant argues that as a result of being found disabled, Plaintiff has obtained a fully favorable decision, and there are no further issues for this Court to decide. Defendant requests this Court issue a Final Judgment on this matter dismissing Plaintiff's complaint because the issue of disability is moot.

A case is moot when it is "impossible for the court to grant any effectual relief whatever." *See Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1103 (8th Cir. 2000), citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation omitted). Dismissal is appropriate as there is no longer an issue under controversy. *See Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978) (per curiam). As a result of a favorable disability finding, the Plaintiff no longer has an interest in the matter, this matter should be dismissed.

**Conclusion:**

Based on the foregoing, the undersigned finds Defendant's Motion to Dismiss (Doc. No. 19) should be **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of September, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE